UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MASIMO CORPORATION, | |
| Plaintiff/Counterclaim-Defendant, | |
| v. | Civil Action No. 14-405 (SDW) (MCA) |
| MINDRAY DS USA, INC, SHENZHEN MINDRAY BIO-MEDICAL ELECTRONICS CO., LTD, & MINDRAY MEDICAL INTERNATIONAL LTD. | SUPPLEMENTAL REPORT AND RECOMMENDATION |
| Defendant/Counterclaim-Plaintiff. | |

**ARLEO, U.S.M.J.**

This matter comes before the Court upon the motion of Plaintiff Masimo Corporation ("Masimo") to remand the pending action to Superior Court of New Jersey, Law Division, Bergen County. (Dkt. No. 13). Defendants, Mindray DS USA, Inc., Shenzhen Mindray Bio-medical Electronics Co., and Mindray Medical International Ltd. (collectively "Defendants") oppose this motion. (Dkt. No. 15). Pursuant to Local Civil Rule 72.1(a)(2), the Honorable Susan D. Wigenton, U.S.D.J., referred the Motion to me for Report and Recommendation. The parties appeared before me for oral argument on June 9, 2014. On June 11, 2014, I issued a Report and Recommendation, recommending that the action be remanded to Superior Court of New Jersey for the reasons set forth on the record on June 9, 2014. (Dkt. No. 46). This Report and Recommendation serves as a supplement to my reasoning set forth on the record. Accordingly, for the reasons set forth below, this Court respectfully recommends that Plaintiff's motion to remand be **GRANTED**.

## I. BACKGROUND

Plaintiff Masimo is a Delaware corporation having its principal place of business in California. Masimo is a global medical technology company that develops, manufactures and sells innovative noninvasive patient monitoring technologies for use in medical equipment manufactured and sold by Masimo as well as for use in medical devices that are developed, manufactured, marketed and sold by other companies.

Defendants are composed of three entities: (1) Mindray DS USA ("Mindray DS"), a corporation organized and existing under the laws of Delaware and having its principal place of business in Mahwah, NJ, who imports, offers for sale, markets, sells, and distributes medical equipment in the United States that includes noninvasive monitoring technologies; (2) Mindray Shenzen, a corporation organized and existing under the laws of the People's Republic of China and having its principal place of business in the People's Republic of China, who develops, manufactures, markets, exports and sells medical equipment worldwide; and (3) Mindray International, a corporation organized and existing under the laws of the Cayman Islands and having its principal place of business in the People's Republic of China.

On December 21, 2012, Masimo filed claims of patent infringement against Mindray DS and Shenzhen Mindray in the Central District of California (the "California Action"). Masimo accused Mindray DS and Shenzhen Mindray of infringing nine (9) patents that all relate to pulse oximetry technology covered by a 1997 Restated Purchasing and Licensing Agreement (the "1997 Agreement") between Masimo and Mindray DS. The 1997 Agreement contained a forum selection clause designating New Jersey as the proper forum for any disputes. On February 4,

2013, Mindray DS moved to dismiss the California case for improper venue or, in the alternative, to sever and transfer the case to the New Jersey District Court.

On February 28, 2013, the court in California agreed that the forum selection clause in the 1997 Agreement applied to those patent claims brought by Masimo in California, and that the claims needed to be pursued in the District of New Jersey, if at all. Shenzhen Mindray is the only remaining defendant in the California case. Shenzhen Mindray subsequently answered, and moved for partial judgment on the pleadings. Masimo responded asserting that Shenzhen Mindray's infringement is based on U.S.-based infringement by Mindray DS, arguing that Shenzhen Mindray was aware that its subsidiary, Mindray DS, was engaging in direct infringement of patents sufficient to state a claim for indirect infringement. The California court disagreed, and granted Shenzhen Mindray's motion for partial summary judgment dismissing the patent claims.

On August 5, 2013, Masimo filed an Amended Complaint in the California action. In their Amended Complaint, Masimo continued to base its infringement claims against Shenzhen Mindray on the purported infringing acts of Mindray DS. In response, Shenzhen Mindray filed extensive counterclaims for relief including multiple claims asserting non-infringement, invalidity, and unenforceability of the patents that Masimo alleges Mindray DS directly infringes. Additionally, Shenzhen Mindray alleges multiple antitrust counterclaims that are directly related to their patent counterclaims. Shenzhen Mindray's counterclaims are also based, in part, on Masimo's abuse of the 1997 Agreement.

Subsequently, on December 11, 2013, Masimo filed the present suit in New Jersey Superior Court, Bergen County, Law Division against Mindray DS, Shenzhen Mindray, and Mindray Medical International Ltd., based on the same state law claims and theories pending in the

3

California action. Masimo did not assert the patent infringement claims against Mindray DS that had been previously dismissed in the California action.

On January 17, 2014, Mindray DS filed its Notice of Removal claiming, inter alia, that the Court has original jurisdiction over patent infringement counterclaims implicated by this action pursuant to 28 U.S.C. § 1454. (Dkt. No. 1, Notice of Removal, at ¶ 8). On January 27, 2014, Mindray DS then filed a Motion to Dismiss or Stay the action based on the first-filed rule. (Dkt. No. 2). Thereafter, on February 7, 2014, Masimo filed the pending Motion to Remand alleging, inter alia, that removal was improper because the counterclaims of patent infringement have not been filed in a pleading in this case. (Dkt. No. 13). Mindray DS claims that the court has jurisdiction because it expressly asserted its anticipated patent counterclaims in its Notice of Removal. (Dkt. No. 15, at 8, 17). In response, Masimo claims that a claim must be asserted in a pleading, such as a Complaint or Counterclaim, which must be filed. (Dkt. No. 17, at 10).

On May 21, 2014, after the motion to remand had been fully briefed, Mindray DS filed an Answer with Counterclaims (Dkt. No. 34), which included, inter alia, a request for declaratory relief of non-infringement and invalidity of nine (9) Masimo patents, claims of infringement by Masimo of a Mindray DS patent, and multiple antitrust claims. (Dkt. No. 34, Answer).

On June 3, 2014, Mindray DS submitted a letter to the Court, claiming that the filing of the Answer with Counterclaims has now mooted the pending Motion to Remand and requested that Masimo withdraw the motion. (Dkt. No. 39). Masimo responded to Mindray DS claiming that that removal based on Section 1454 is still improper because at the time of removal, no claim related to "patents, plant variety protection, or copyrights" had been asserted by any party. (Dkt. No. 39, at Ex. B). The parties appeared before me on June 9, 2014 for oral argument.

4

## II.  DISCUSSION

### a.  Removal Pursuant to 28 U.S.C. § 1454

A claim brought in state court may be removed to federal court under 28 U.S.C. § 1441. A party may seek to remand a civil action back to state court based on an alleged defect in the removal procedure, or lack of subject matter jurisdiction. 28 U.S.C. § 1447(c). A party opposing remand must show that removal was proper. Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990), cert. denied, 498 U.S. 1085 (1991). In deciding a motion to remand, the court must resolve any factual dispute in favor of remand. Entrekin v. Kisher Scientific, Inc., 146 F. Supp. 2d 594, 604 (3d Cir. 2001).

It is well settled under 28 U.S.C. § 1338(a) that this Court has original jurisdiction over claims arising under Title 35 of the United States Code for claims involving U.S. patents. Until recently, a counterclaim could not serve to establish federal jurisdiction. See Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830 (2002). In Holmes, the Supreme Court held that "[t]he Federal Circuit cannot assert jurisdiction over a case in which the complaint does not allege a patent-law claim, but the answer contains a patent-law counterclaim." The Holmes Court reached its holding based on the long-standing well-pleaded complaint rule.[1]

---

[1] The Supreme Court in Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 801 (1988) thoroughly described the well-pleaded complaint rule:

> Section 1338(a) jurisdiction extends only to those cases in which a well-pleaded complaint establishes either that federal patent law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims. A case raising a federal patent-law defense does not, for that reason alone, "arise under" patent law, even if the

5

In <u>Weingram & Associates, P.C. v. Grayzel</u>, No 10-2362 SDW, 2012 WL 6827546 (D.N.J. Dec. 20, 2012) <u>report and recommendation adopted,</u> No. 10-2362 SDW, 2013 WL 705041 (D.N.J. Feb. 25, 2013), this very Court discussed the well-pleaded complaint rule as described in <u>Holmes</u> and held that "assuming Dr. Grayzel properly asserted a federal counterclaim against attorney Weingram, such a counterclaim cannot serve the basis for removal." <u>Id.</u>

However, in 2011, Congress enacted the Leahy-Smith America Invents Act (PL 112-29, September 16, 2011, 125 Stat 284) ("AIA"); also known as the "Holmes Group Fix" (H.R. REP. 112-98, 81, 2011 U.S.C.C.A.N. 67, 106) that had the effect of abrogating <u>Holmes</u> by allowing counterclaims arising under federal patent law to provide grounds for federal removal jurisdiction. As part of this Act, Congress also introduced 28 U.S.C. § 1454, a new removal statute relating to patents. Section 1454 provides:

> A civil action in which any party <u>asserts</u> a claim for relief arising under any Act of Congress relating to patents, plant variety protection, or copyrights may be removed to the district court of the United States for the district and division embracing the place where the action is pending.

<u>Id.</u> (emphasis added). In <u>Univ. of Kentucky Research Found., Inc. v. Niadyne, Inc.</u>, No. Civ. 13-16-GFVT, 2013 WL 5943921 (E.D. Ky. Nov. 5, 2013), the Eastern District of Kentucky, one of the few courts to discuss this new statute, explained that the "statute modifies federal court jurisdiction so that intellectual property counterclaims arising under federal law will not be remanded simply because they are counterclaims." <u>Id.</u> at *5. "In other words, by enacting Section 1454, Congress has broadened federal court removal jurisdiction to better ensure that whenever

---

defense is anticipated in the complaint, and even if both parties admit that the defense is the only question truly at issue in the case.

<u>Id.</u>

6

claims arise under federal patent law, they are removable, irrespective of who asserted them." Id. "No longer is a defendant with a patent or copyright counterclaim bound by a plaintiff's well-pleaded state law complaint to litigate in a state court." Andrews v. Daughtry, No. 1:13CV408, 2014 WL 184398 (M.D.N.C. Jan. 15, 2014). Accordingly, with the enactment of the AIA and § 1454, courts have jurisdiction over counterclaims sounding in federal patent law.

Here, Masimo contends that no claims of "patent infringement" have been asserted in this action, and that removal pursuant to Section 1454 is improper. Masimo focuses on the language "asserts" in Section 1454 and argues that Mindray DS has not asserted such a claim in this case. According to Masimo, Section 1454 applies only to those who actually file counterclaims arising under patent laws. Mindray DS claims that it asserted patent-related counterclaims in its Notice of Removal and that this is sufficient to remand the action pursuant to Section 1454.

The issue of what is necessary to trigger removal under Section 1454 is a matter of first impression. The plain language of Section 1454 states that a party may seek to remove if "any party asserts a claim for relief" arising under patent law. 28 U.S.C. § 1454 (emphasis added). A party can only assert a claim for relief in a pleading. This Court would be hard-pressed to find that simply referencing an anticipated patent counterclaim in a Notice of Removal is sufficient to establish jurisdiction under Section 1454. To permit such a finding, would allow for certain anomalous results. For example, a defendant could file a Notice of Removal on the basis of anticipated patent counterclaims, and then subsequently file a motion to dismiss before ever actually filing the answer and counterclaims. A court could then assert jurisdiction and rule on a motion without ever having any patent claims asserted in the case in federal court. In such a case, a federal court would be ruling on pure state law issues. Essentially, Mindray DS's interpretation

would allow federal courts to obtain jurisdiction over cases in which federal patent claims are never in fact asserted. Such results could not be in line with the intentions of Congress when it enacted Section 1454.

While it is clear that Section 1454 abrogated <u>Holmes</u>, and does in fact expand this Court's jurisdiction over federal patent claims, it does so only insofar as granting this Court jurisdiction over patent counterclaims asserted in a filed pleading. It does not expand jurisdiction where <u>anticipated</u> patent counterclaims are merely referenced in a notice of removal, and never actually filed in an answer with counterclaims. Although Mindray DS did eventually file an answer, it should have done so prior to removing this action to federal court. Because there were no patent counterclaims asserted in any pleading at the time of removal, this Court finds that removal was improper. Accordingly, this Court respectfully recommends that Plaintiff's Motion to Remand be **GRANTED**.[2]

### III. CONCLUSION

For the forgoing reasons and the reasons set forth on the record, this Court respectfully recommends that the Plaintiff's Motion to Remand be **GRANTED**.

Dated: September 4, 2014

MADELINE COX ARLEO  
United States Magistrate Judge

---

[2] It should be noted that this opinion does not foreclose the possibility that Mindray DS and/or another Defendant in this case could seek to remove the action again after an Answer is filed in state court. At this juncture, however, the Court does not opine as to whether removal would be proper or not.