NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MASIMO CORPORATION, | : | |
| | : | Civil Action No. 14-0405 (SDW)(SCM) |
| Plaintiff/Counterclaim-Defendant, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| MINDRAY DS USA, INC, SHENZHEN MINDRAY BIO-MEDICAL ELECTRONICS CO., LTD, & MINDRAY MEDICAL INTERNATIONAL LTD. | : | January 7, 2015 |
| | : | |
| Defendant/Counterclaim-Plaintiff. | : | |

**WIGENTON**, District Judge.

Before this Court are the initial and supplemental Report and Recommendation (collectively "R&R") of Magistrate Judge Madeline Cox Arleo[1] ("Judge Arleo") filed June 11, 2014 and September 5, 2014 respectively, regarding the matter of Masimo Corporation ("Plaintiff") versus Mindray DS USA, Inc. ("Mindray DS"), Shenzhen Mindray Bio-Medical Electronics Co., ("Shenzhen Mindray"), and Mindray Medical International Ltd. ("MMIL") (collectively, "Mindray DS" or "Defendants"), recommending that this matter be remanded to the Superior Court of New Jersey, Law Division, Bergen County. *Dkt. No. 46, 55.* This matter was removed to this district pursuant to 28 U.S.C. §§ 1441 and 1446, and is decided without oral

---

[1] As of December 2014, Judge Arleo was appointed and elevated to the position of United States District Judge. Notwithstanding, all action taken by Judge Arleo in this matter occurred in her previous capacity as a United States Magistrate Judge.

argument pursuant to Fed. R. Civ. P. 78. For the reasons set forth below, this Court adopts Judge Arleo's recommendation.

**BACKGROUND**[2]

While this Court assumes the parties' familiarity with the allegations and procedural history of the case, the following is a brief review of the facts relevant to the present motion.[3]

On December 11, 2013, Plaintiff Masimo Corporation filed suit against Defendants Mindray DS USA, Inc., Shenzhen Mindray Bio-Medical Electronics Co., and Mindray Medical International Ltd. in the Superior Court of New Jersey, Law Division, Bergen County, alleging breach of contract and several other related contract theories, in connection with a 1997 Restated Purchasing and Licensing Agreement (the "Agreement") under which Plaintiff agreed to license its patented technology to Defendants for exclusive use in Defendants' medical technology. *See Dkt. No. 1, Notice of Removal, Ex. A.*

On January 17, 2014, Mindray DS sought removal on the ground that this Court has original jurisdiction over the patent infringement and federal antitrust counterclaims Mindray DS anticipated raising in this action, pursuant to 28 U.S.C. §§ 1331 and 1454(a) respectively. *Dkt. No. 1, Notice of Removal, ¶¶ 7-8.* Once in federal court, on January 27, 2014, Mindray DS filed a Motion to Dismiss or Stay the Plaintiff's Complaint under the "first-to-file" rule. *Dkt. No. 2.* On February 7, 2014, Plaintiff filed the pending Motion to Remand alleging, inter alia, that removal was improper as Mindray DS failed to properly plead its counterclaims for patent infringement— the claims upon which removal from state court was predicated—in a duly filed affirmative pleading, such as an Answer or Counterclaim. *Dkt. No. 13, Plaintiff's Brief.* Mindray DS

---

[2] The facts set forth in this Opinion are taken from the parties' respective moving papers and filings.
[3] For a more thorough discussion of the procedural history prior to Plaintiff's filing of suit in the Superior Court of New Jersey, see Judge Arleo's Supplemental Report and Recommendation. *Dkt. No. 55, at 2-3.*

responded that, pursuant to 28 U.S.C. § 1454, which creates an exception to the well-pleaded complaint rule, Mindray DS's assertion of its anticipated patent counterclaims in its Notice of Removal suffices to confer jurisdiction upon this Court. *Dkt. No. 15, Defendants' Brief, P. 2-3.*

On May 21, 2014, after Plaintiff's Motion to Remand had been fully briefed, Mindray DS filed its Answer and Counterclaims, in which it raised patent infringement and federal anti-trust counterclaims against Plaintiff. *Dkt. No. 34.* In a letter dated June 3, 2014, Mindray DS contended that its recently filed Answer and Counterclaims rendered Plaintiff's pending Motion to Remand moot, and requested that Plaintiff withdraw the motion. *Dkt. No. 39, Ex. A.* Plaintiff insisted that removal remained improper under 28 U.S.C. § 1454 despite Defendant's filing because the timing of the filing is dispositive—that is, Section 1454 requires affirmative assertion of relevant patent infringement counterclaims at the time that a Notice of Removal is filed. *Dkt. No. 39, Ex. B.* Thereafter, Plaintiff's motion for remand was referred to Judge Arleo for a Report and Recommendation.

On June 11, 2014, Judge Arleo filed an R&R, in which she recommended that this matter be remanded to the Superior Court of New Jersey. *Dkt. No. 46.* On June 25, 2014, Mindray DS filed its objection to the R&R. *Dkt. No. 51, p. 2-3.* On July 1, 2014, Plaintiff submitted a letter in support of Judge Arleo's R&R. *Dkt. No. 52, p. 1.* On September 5, 2014, Judge Arleo filed a Supplemental R&R, expanding on her initial R&R, *Dkt. No. 55*, to which the parties' submitted responses that essentially renewed their respective positions regarding the initial R&R. *See Dkt. Nos. 56-57.*

**LEGAL STANDARD**

A United States Magistrate Judge may hear non-dispositive motions under 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a). However, by designation of a district judge, a magistrate

may conduct evidentiary hearings and submit to the judge "proposed findings of fact and recommendations" for disposition of any dispositive motion. *See* 28 U.S.C. § 636(b)(1)(B). A party may object to a magistrate judge's report and recommendation within 14 days of being served with a copy of the recommended disposition. L. Civ. R. 72.1(c)(2); Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C). The District Court must review de novo those portions of the magistrate judge's report and recommendation to which an objection is made and may accept, reject, or modify them, in whole or in part. *See Id.*; *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011) (Section 636(b)(1) requires district courts to review *de novo* those portions of the report or specific findings to which objection is made, unless the objection is not timely or specific); *National Labor Relations Board v. Frazier*, 966 F.2d 812, 816 (3d Cir. 1992).

**DISCUSSION**

Masimo contends that removal is improper under 28 U.S.C. § 1454 because: (1) no claims related to patent infringement had been asserted at the time the Notice of Removal was filed, (2) Mindray DS's reference to the existence of potential patent claims in its Notice of Removal are insufficient to establish jurisdiction, and (3) Mindray DS's Answer and Counterclaims, asserting patent infringement claims, was untimely and is therefore an improper basis for this Court to retain this matter. *Dkt. No. 39, Ex. B; Dkt. No. 17, Plaintiff's Reply Brief, p. 1-2.*

In response, Mindray DS asserts that this Court has original jurisdiction over this matter because: (1) Section 1454 creates an exception to the well-pleaded complaint rule in the patent context, thus requiring courts to "conduct the same removability analysis as conducted prior to the implementation of the well-pleaded complaint rule"; and (2) its Answer and Counterclaims, filed after Plaintiff brought its Motion of Remand, rendered Plaintiff's Motion to Remand moot. *See Dkt. No. 1, Notice of Removal ¶¶ 7-8; Dkt. No. 39, Ex. A.*

4

Under the well-pleaded complaint rule, a suit "arises under" federal law, and is appropriate for removal, only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9-12, 77 L. Ed. 2d 420, 103 S. Ct. 2841 (1983); *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152, 29 S. Ct. 42, 53 L. Ed. 126 (1908). Because a federal defense or counterclaim to a plaintiff's state law cause of action ordinarily does not appear on the face of a well-pleaded complaint, the defendant's pleadings, barring certain statutory exceptions, are routinely deemed insufficient to justify removal to federal court. *See e.g. Caterpillar, Inc. v. Williams*, 482 U.S. 386, 398, 96 L. Ed. 2d 318, 107 S. Ct. 2425 (1987) ("The fact that a defendant might ultimately prove that a plaintiff's claims are pre-empted under [a federal statute] does not establish that they are removable to federal court."); *Gully v. First Nat'l Bank*, 299 U.S. 109, 115-18, 81 L. Ed. 70, 57 S. Ct. 96 (1936) (similar).

Generally, federal district courts have original jurisdiction over "any civil action arising under any Act of Congress relating to patents." 28 U.S.C. § 1338(a). Such claims, if filed in state court, may be removed to federal court under 28 U.S.C. § 1441. In *Holmes Group v. Vernado Circulation Systems, Inc.*, the Supreme Court limited this jurisdiction by holding that the ability of the Federal Circuit, which hears virtually all appeals of patent cases, to hear cases "arising under" federal law was governed by the well pleaded complaint rule, thus requiring subject matter jurisdiction to be determined by the plaintiff's complaint. 535 U.S. 826, 830, 153 L. Ed. 2d 13, 19, 122 S. Ct. 1889, 1893 (2002).

In response to *Holmes*, Congress enacted the Leahy-Smith America Invents Act ("AIA") (Pub. L. No. 112–29, § 19(c)(1), 125 Stat. 332 (2011)), also known as the "Holmes Group Fix" (H.R. Rep. No. 112-98, at 81 (2011)), which effectively nullified *Holmes* by allowing federal

5

patent law counterclaims to serve as a basis for removal to federal court. In so doing, Congress devised a new removal statute dedicated to the removal of patent cases. In pertinent part, subsection (a) of Section 1454 states: "A civil action in which any party *asserts* a claim for relief arising under any Act of Congress relating to patents . . . may be removed to the district court . . . ." 28 U.S.C. 1454(a). Congress did not specify the manner in which the patent claim prompting removal under Section 1454 must be presented. Therefore, the question at bar is whether merely referencing potential patent law claims in a Notice of Removal is equivalent to "*assert[ing]* a claim for relief" under Section 1454, and thereby sufficient to establish federal jurisdiction. 28 U.S.C. § 1454 (emphasis added).

This Court endorses Judge Arleo's recommendation that Masimo's motion to remand be granted. This is a matter of first impression in this district. Moreover, no federal appellate court has addressed the scope of Section 1454 since its inception.[4] Consequently, this Court is guided by the plain language of Section 1454. This Court is also guided by the principle of strict construction of removal statutes. *See Sherman v. A.J. Pegno Constr. Corp.*, 528 F. Supp. 2d 320, 325 (S.D.N.Y. 2007) (discussing the general removal statute and reasoning that "federal courts construe the removal statute narrowly, resolving any doubts against removability" (internal quotations and citations omitted)); *Danca v. Private Health Care Sys. Inc.*, 185 F.3d 1, 4 (1st Cir. 1999) (noting that "removal statutes are strictly construed").

---

[4] Since the enactment of the AIA, only one other court has specifically dealt with the issue of removal under Section 1454 when the party seeking removal did not technically assert a claim under the patent laws in its notice of removal. *Concordia Partners, LLC v. Pick*, No. 2:14–cv–09–GZS, 2014 WL 4060253 (D. Me. Aug. 14, 2014). In *Concordia*, the District of Maine held that the party seeking removal could amend its notice of removal because "requiring th[e] case to be remanded and re-removed would be inefficient and a waste of judicial resources." *Concordia Partners, LLC*, 2014 WL 4060253, at *4. However, *Concordia* is distinguishable from this matter since that court based its decision solely on District of Maine precedent, whereby courts in that district have allowed parties to amend their notice of removal because of technical deficiencies. *Id.* Moreover, the party seeking removal in *Concordia* attempted to amend its notice within ten days of the original filing, which was three days after the opposing party filed its opposition. *Id.* Here, there was no attempt by Mindray DS to amend its notice, and furthermore, it never properly asserted its patent law counterclaims until several months later. *See Dkt. Nos. 1, 15, 34.*

Here, Mindray DS's reference to potential patent law counterclaims in its Notice of Removal is insufficient to establish jurisdiction pursuant to Section 1454.[5] In its Notice of Removal, Mindray DS states that "[t]his Court . . . has original jurisdiction over counterclaims of patent infringement by Mindray DS *implicated by this action* pursuant to 28 U.S.C. § 1454(a). *Notice of Removal ¶ 8* (emphasis added). This cannot be construed as "*assert[ing]* a claim for relief" under the patent laws. A party can only "assert a claim for relief" in a pleading. Mindray DS has failed to convince this Court otherwise. As Judge Arleo correctly noted, equating a reference of potential patent law counterclaims to asserting a claim for relief "would allow for certain anomalous results." *Dkt. No. 55, Supplemental R&R, p. 7*. For instance, this Court "could assert jurisdiction and rule on a [dispositive] motion [(such as Mindray DS's motion to dismiss, which was filed before its patent law counterclaims were affirmatively pleaded)] without ever having any patent claims asserted in the case." *Id*. In such a scenario, this Court would be ruling on purely state law claims without a basis for jurisdiction.[6]

Additionally, Mindray DS's claim that its Answer and Counterclaims rendered Plaintiff's Motion to Remand moot is unavailing. *Accord, Acromed Productions LLC v. Tjeknavorian*, No. 14–CV–2179 (KAM), 2014 WL 3548632, at 6, n.4 ("As noted, defendants' counterclaims were asserted in their Amended Answer, which was filed after removal of the case to federal court. In light of the recent enactment of Section 1454 and the lack of case law interpreting it, even if

---

[5] Additionally, Mindray DS's reference to potential federal antitrust claims are also insufficient to establish jurisdiction for the same reasons that its reference to patent law counterclaims are insufficient; mainly that Defendants' never properly asserted a claim for relief. *See Notice of Removal ¶ 7* ("This is a civil action in which this Court has original jurisdiction over compulsory federal antitrust counterclaims *implicated by this action* pursuant to 28 U.S.C. § 1331, as those claims arise under the laws of the United States." (emphasis added)).

[6] Pursuant to the terms of the Agreement, the parties' explicitly agreed to adjudicate any action brought by Plaintiff in New Jersey. *See Notice of Removal ¶ 6* ("Jurisdiction and venue are proper in the Superior Court of New Jersey pursuant to the express terms of the Licensing Agreement, which states 'if an action is brought by Masimo against [Mindray's predecessor-in-interest, Datascope Corp.] under this Agreement it shall by [sic] brought in New Jersey.'" (citing Licensing Agreement, § 15.13)). Therefore, subject matter jurisdiction would not be available.

defendants had invoked § 1454 as a basis for removal, it is doubtful that § 1454 would justify removal based only on the complaint, before the counterclaims were filed.") While Mindray DS did eventually assert removable claims in its Answer and Counterclaims, it did so several months after removing this action to federal court. *See Dkt. Nos. 1, 34.* Thus, at the actual time of removal there were no federal questions for this Court to resolve, thereby rending removal improper.

Given the novelty of the presented issue and the explicit language of 28 U.S.C. § 1454, this Court finds that removal was improper. Therefore, this matter is remanded to state court for further proceedings.

### CONCLUSION

For the reasons set forth above, this Court will adopt Judge Arleo's Report and Recommendation, and remand this matter accordingly. An appropriate order will be filed with this Opinion.

s/ *Susan D. Wigenton*
**SUSAN D. WIGENTON**
**UNITED STATES DISTRICT JUDGE**

Orig:  Clerk
cc:    Parties
       Madeline Cox Arleo, U.S.D.J.
       Steven C. Mannion, U.S.M.J.